1

2

3

4               UNITED STATES DISTRICT COURT

5                   DISTRICT OF NEVADA

6                          * * *

7   SOCORRO CHAVEZ, et al.,                    Case No. 2:20-CV-1222 JCM (DJA)

8                         Plaintiff(s),                    ORDER

9        v.

10  WYNDHAM VACATION RESORTS,
    INC., et al.,
11
                         Defendant(s).
12

13

14          Presently before the court is defendant Wyndham Vacation Resorts, Inc.'s ("Wyndham")

15  motion to dismiss the first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No.

16  20). Plaintiffs Socorro Chavez and Juan Chavez filed a response, (ECF No. 22), to which

17  Wyndham replied, (ECF No. 25).

18          Also before the court is defendant Tom S. Palmer's ("Palmer") motion to dismiss the first

19  amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 26). Plaintiffs responded,

20  (ECF No. 32), and Palmer replied, (ECF No. 33).

    **I.       Background**

21          This action arises from alleged consumer fraud and deceptive trade practices.  (ECF No.

22  10). Plaintiffs assert claims against defendants for (1) violating NRS § 119A.710 – timeshare

23  regulations; (2) violating NRS § 207.171 – false, deceptive, or misleading advertising; (3)

24  violating NRS § 598.0915 – deceptive trade practices; and (4) fraud under Nevada law. (*Id.*).

25
            Plaintiffs are an elderly, married couple. (*Id.*) Juan Chavez does not speak English, and
26
    Socorro Chavez speaks English as a second language. (*Id.*) Plaintiffs purchased two time shares
27

28

**James C. Mahan**
**U.S. District Judge**

from Wyndham—the first purchased in 2013 for $18,100.00 ("2013 Time Share"), and the second purchased in 2015 for $23,734.00 ("2015 Time Share")—totaling $41,834.00. (*Id.*).

Plaintiffs allege that they would not have purchased the 2013 Time Share if Wyndham had not assured them it was an investment that: (1) would be worth more in the future; (2) could be rented out to make a profit; (3) could be easily resold to third parties in the future; (4) would include free tickets to sporting events and theme parks; and (5) Wyndham would buy back if plaintiffs did not want it anymore. (*Id.*). Plaintiffs further allege that they would not have purchased the 2015 Time Share if Palmer, a sales agent of Wyndham, had not assured them that they could cancel their contract for the 2013 Time Share by purchasing the 2015 Time Share, and that doing so would decrease their monthly payments because they would be paying less in interest. (*Id.*). Plaintiffs allege that each of these assurances was false because:

(1) Wyndham time shares do not appreciate over time and cannot be easily resold to third parties because as of April 2020, there are over forty Wyndham time shares for sale on eBay for less than $100.00 and twenty-five listed for less than $1.00.

(2) Wyndham time shares cannot be rented out to make profit because Wyndham's rental program is convoluted and difficult to use, and when rented, much of the profit is taken by Wyndham.

(3) Wyndham does not provide tickets to sporting events because in 2013, plaintiffs were denied free sky box tickets to a Dallas Cowboys game after a manager of a Wyndham Vacation Resort located in Dallas, Texas, told plaintiffs that Wyndham does not give free tickets of any kind.

(4) Unlike Palmer assured, plaintiffs' purchase of 2015 Time Share did not reduce, but increased their monthly payment for each time share.

(5) Upon request, Wyndham has not bought back either time share from plaintiffs.

(*Id.*).

James C. Mahan
U.S. District Judge

- 2 -

1  Plaintiffs allege that they first learned that defendants' assurances were false after consulting
2  legal counsel in "early 2020." (*Id.*).

3  Plaintiffs amended their complaint on July 17, 2020. Wyndham filed its instant motion to
4  dismiss on August 6, 2020, arguing that plaintiffs' claims against it are barred by statute of
5  limitations and failure to plead with particularity.  (ECF No. 20).  Palmer filed his instant motion
6  to dismiss plaintiffs' claims against him on September 9, 2020, which mirrors Wyndham's
7  arguments and further argues that there is no private cause of action for plaintiffs' second claim.
8  (ECF No. 26).

9  **II.    Legal Standard**

10  A court may dismiss a complaint for "failure to state a claim upon which relief can be
11  granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain
12  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*
13  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed
14  factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of
15  the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation
16  omitted).

17  "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550
18  U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual
19  matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation
20  omitted).

21  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply
22  when considering motions to dismiss.  First, the court must accept as true all well-pled factual
23  allegations in the complaint; however, legal conclusions are not entitled to the assumption of
24  truth.  *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by
25  conclusory statements, do not suffice.  *Id.* at 678.

26  Second, the court must consider whether the factual allegations in the complaint allege a
27  plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  alleges facts that allow the court to draw a reasonable inference that the defendant is liable for

2  the alleged misconduct. *Id.* at 678.

3       Where the complaint does not permit the court to infer more than the mere possibility of

4  misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."

5  *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the

6  line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at

7  570.

8       The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d

9  1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

10               First, to be entitled to the presumption of truth, allegations in a
                 complaint or counterclaim may not simply recite the elements of a
11               cause of action, but must contain sufficient allegations of
                 underlying facts to give fair notice and to enable the opposing
12               party to defend itself effectively.  Second, the factual allegations
                 that are taken as true must plausibly suggest an entitlement to
13               relief, such that it is not unfair to require the opposing party to be
                 subjected to the expense of discovery and continued litigation.
14

15  *Id.*

16  **III.   Discussion**

17       Defendants move to dismiss all of plaintiffs' claims: (1) violating NRS § 119A.710 –

18  timeshare regulations; (2) violating NRS § 207.171 – false, deceptive, or misleading advertising;

19  (3) violating NRS § 598.0915 – deceptive trade practices; and (4) fraud under Nevada law. (ECF

20  No. 20, 26). With the well-pled factual allegations of the amended complaint accepted as true,

21  the court grants Wyndham's motion to dismiss as to plaintiffs' second claim. The court grants

22  Palmer's motion to dismiss in full.

23     A.  *NRS 207.171 Claim Against Defendants*

24       This court dismisses plaintiffs' second claim against both Wyndham and Palmer because

25  NRS 207.171 does not provide a private cause of action. Nev. Rev. Stat. § 207.174; *see also*

26  *Stewart v. Warner Bros.*, No. 2;12-CV-01875-PMP, 2013 WL 1249603, at *2 n. 1 (D. Nev. Mar.

27  4, 2013), *aff'd sub nom. Stewart v. Warner Bros. Entm't*, No. 2:12-CV-01875-PMP, 2013 WL

28  1249599 (D. Nev. Mar. 25, 2013). Under NRS 207.174, a civil action against "any person, firm,

**James C. Mahan**
**U.S. District Judge**

corporation or association or any other organization which violates any provision under NRS 207.170 to 207.177" must be brought "in the name of the State of Nevada by the Attorney General or by any district attorney in a court of competent jurisdiction." *Id.*

Plaintiffs argue that defendants violated NRS 207.171 by engaging in misrepresentations of material fact in connection with the sales of the 2013 and 2015 Time Shares. (ECF No. 10). In his motion to dismiss, Palmer correctly asserts that there is no private cause of action under the statute. (ECF No. 26). Plaintiffs fail to address Palmer's assertion in their response, (ECF No. 32). Unlike Palmer, Wyndham does not argue the lack of a private cause of action under NRS 207.171. However, this court finds that the same reasoning for dismissal applies to both defendants. Accordingly, plaintiffs' second claim is dismissed against both Wyndham and Palmer.

This court now examines defendants' motions to dismiss plaintiffs' remaining claims. Defendants assert that each of the remaining claims must be dismissed because (1) plaintiffs failed to bring them under applicable statutes of limitations; and (2) plaintiffs have failed to plead their claims with particularity as required under FRCP 9(b).

B. *Statute of Limitations*

The applicable time bar for plaintiffs' NRS 119A.710 claim and fraud claim is three years. *See* Nev. Rev. Stat. § 11.190(3)(d) (stating that "an action upon a liability created by statute, other than a penalty or forfeiture" has a three-year statute of limitation); *see also* Nev. Rev. Stat. § 11.190(3)(d) (stating that the statute of limitation for "an action for relief on the ground of fraud or mistake" is three years). The applicable time bar for plaintiffs' NRS 598.0915 claim is four years. *See* Nev. Rev. Stat. § 11.190(2)(d). The applicable time bar for plaintiffs' requested relief to rescind all agreements between defendants is one year. *See* Nev. Rev. Stat. § 119A.475(6).

Defendants argue that plaintiffs failed to timely bring their remaining claims. (ECF No. 20, 26). At this juncture, this court disagrees with Wyndham's statute of limitations argument, but agrees with Palmer's statute of limitations argument.

James C. Mahan
U.S. District Judge

1

   1. *Remaining Claims Against Wyndham*

2

 "A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the

3

running of the statute of limitations is apparent on the face of the complaint." *United States ex*

4

*rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013)

5

(alteration quotation omitted). The running of a statute of limitations "accrues when a party

6

knows or has reason to know of the injury." *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

7

Under Nevada law, this concept of "when" a party knew of its injury is commonly referred to as

8

the "discovery rule." *See Petersen v. Bruen*, 106 Nev. 271, 274 (1990) (tolling the accrual of the

9

statute of limitations until plaintiff "discovered" or knew he was sexually assaulted). "[W]hen

10

the plaintiff knew or in the exercise of proper diligence should have known of the facts

11

constituting the elements of his cause of action is a question of fact for the trier of fact." *Siragusa*

12

*v. Brown*, 114 Nev. 1384, 1391 (1998) (citing *Oak Grove Inv. v. Bell & Gossett Co.*, 99 Nev.

13

616, 623 (1983). This is especially the case where the facts regarding the time of a plaintiff's

14

discovery "are susceptible to opposing inferences." *See Millspaugh v. Millspaugh*, 96 Nev. 446,

15

449 (1980); *see also Daniels-Hall v. National Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010)

16

(applying that all reasonable inferences that can be drawn from the pleading must be drawn in

17

favor of the pleader).

18

   Plaintiffs allege that they discovered the falsity of Wyndham's representations only after

19

consulting their attorneys in "early 2020." (ECF No. 10).  However, Wyndham argues that other

20

allegations in plaintiffs' amended complaint make it facially apparent that plaintiffs discovered

21

Wyndham's false representations well before "early 2020." (ECF No. 20). Accepting plaintiffs'

22

factual allegations as true, this court disagrees with Wyndham. Finding otherwise would rely on

23

unreasonable inferences.

24

   Wyndham brings forth valid concerns regarding *when* plaintiffs discovered Wyndham's

25

representations were false. (ECF No. 20). According to Wyndham, plaintiffs' amended

26

complaint makes it clear that "the alleged misrepresentations made by Wyndham were false in

27

2013 and 2015" because: (1) plaintiffs had to know Wyndham does not give away free tickets to

28

games when they were denied tickets to a Dallas Cowboys game as allegedly promised after they

**James C. Mahan**
**U.S. District Judge**

signed the 2013 Time Share contract; (2) Wyndham denying plaintiffs' request for it to buy back the 2013 Time Share had to occur before plaintiffs entered into the 2015 Time Share contract; and (3) plaintiffs' language barrier does not prevent plaintiffs from recognizing they were making higher monthly payments under the 2015 Time Share contract. (*Id.*).

However, Wyndham' s position requires a leap in logic unsupported by plaintiffs' allegations. *See Siragusa*, 114 Nev. at 1391; *see also Daniels-Hall*, 629 F.3d at 998. Such unfavorable inferences might include that: (1) *no* Wyndham Vacation Resort provides free sporting events and amusement park tickets to its time share holders; or (2) plaintiffs' language barrier did not play a role in their lack of understanding of any other representations aside from the amount of their monthly payments. In addition to these inferences, Wyndham does not challenge the timing of when plaintiffs learned that their time share could not be rented out for a profit or that a timeshare could not be sold in the future. (*Id.*).

For these reasons, this court will not dismiss plaintiffs' remaining claims against Wyndham for untimeliness.

### 2.  *Remaining Claims Against Palmer*

Unlike Wyndham, the running of the statute of limitations for the allegations asserted against Palmer are clear and facially apparent. Generally, the timing of when a plaintiff knows, or has reason to know, of the injury is a question for the trier of fact. *Siragusa v. Brown*, 114 Nev. 1384, 1391 (1998) (citing *Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1307 (9th Cir. 1992). However, this question may be decided as a matter of law where uncontroverted evidence proves that the plaintiff discovered or should have discovered the relevant conduct. *Id.* If the evidence contradicts the complaint, a court need not accept a plaintiff's allegations as true. *See Mullis v. United States Bankr. Ct.*, 838 F.2d 1285, 1388 (9th Cir. 1987).

Each of plaintiffs' claims against Palmer derive from the allegation that Palmer misrepresented a material fact during the 2015 Time Share presentation when he stated that plaintiffs "could cancel their old contract by purchasing a new timeshare, and that if they did so, their monthly payments would decrease because they would be playing less in interest." (ECF No. 10). Plaintiffs allege that they did not know Palmer knowingly misrepresented until they

consulted with their legal counsel in "early 2020." *Id.* However, this court agrees with Palmer's argument that plaintiffs *should have* discovered Palmer misrepresented when they received their first monthly payment under the 2015 Time Share contract, (ECF No. 26), which plaintiffs admit having paid from 2015 until 2017, (EFC No. 10). The monthly payment serves as uncontroverted evidence that plaintiffs discovered or should have discovered that Palmer misrepresented in 2015, not 2020. Thus, it is facially apparent that the statute of limitations for plaintiffs claims accrued in 2015.

For these reasons, this court finds that plaintiffs' claims against Palmer are untimely. Palmer's motion to dismiss is granted in full. (ECF No. 26).

C.  *Failure to Plead with Particularity*

Finally, Wyndham argues that plaintiffs fail to plead their remaining claims with particularity. Because each of plaintiffs' remaining claims are grounded in fraud, they must satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b); *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003); *Davenport v. Homecomings Fin., LLC*, No. 56322 2014 WL 1318964, at *2 (Nev. Mar. 31, 2014). Rule 9(b) provides "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Specifically, "claims of fraud be accompanied by the 'who, what, when, where, and how' of the conduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997). However, Rule 9(b) does not require the pleading of detailed evidentiary matter. *Walling v. Beverly Enterprises*, 476 F.2d 393, 397 (9th Cir. 1973). The rule "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. *Id.* Further, "the court may relax Rule 9(b)'s particularity requirements in circumstances where it may be difficult for the plaintiff to identify the specific actions that a corporate officer took in causing the harm to the plaintiff." *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir.1989) (finding that in cases of corporate fraud, plaintiffs will not have personal knowledge of all the underlying facts).

Wyndham argues that plaintiffs' amended complaint fails to plead any of their claims with the particularity required under Rule 9(b). Wyndham predominantly challenges the "who"

James C. Mahan
U.S. District Judge

1 and "when" requirements, asserting that plaintiffs fail to provide the identities of fraudulent

2 Wyndham agents and the specific dates the alleged fraudulent misrepresentations were made.

3 (ECF No. 20).

4     This court finds that plaintiffs sufficiently pled their claims with the heightened

5 particularity required by Rule 9(b). Plaintiffs sufficiently plead that Wyndham agents falsely

6 represented information pertinent to the sale of two Wyndham time shares. (ECF No. 10).

7 Plaintiffs succeed to specify that these false representations have occurred since 2013. (*Id*.).

8 Plaintiffs also specify that the false representations occurred at Wyndham Vacation Resorts

9 located in Texas, Nevada, and Colorado. (*Id*.). Plaintiffs specify which representations they

10 relied upon to purchase the time shares. (*Id*.). Further, plaintiffs sufficiently plead that they were

11 first made aware that these representations were false in early 2020. (*Id*.). Thus, plaintiffs'

12 pleadings satisfy the requirement under Rule 9(b).

13     Wyndham's motion to dismiss is denied. (ECF No. 20).

14 **IV.   Conclusion**

15     Accordingly,

16     IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wyndham's motion to

17 dismiss (ECF No. 20) be, and the same hereby is, GRANTED in part and DENIED in part.

18     IT IS FURTHER ORDERED that Palmer's motion to dismiss (ECF No. 26) be, and the

19 same hereby is, GRANTED.

20     DATED February 17, 2021.

21     UNITED STATES DISTRICT JUDGE